IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joseph Golson, ) | C/A NO. 4:11-350-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Leroy Cartledge, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On February 2, 2012, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner sought an extension of time to file objections, which was granted, and filed objections to the Report on February 17, 2012. ECF No. 47.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation in full.

Petitioner argues that if the jurors had heard the 911 tape, he would have received a jury instruction on manslaughter, Obj. at 4; that counsel's failure to introduce the 911 tape into evidence was prejudicial because it was "genuine material evidence most favor[able] to the defendant . . . ," Obj. at 6; that counsel should have requested a jury instruction on voluntary manslaughter, not involuntary manslaughter "because this jury instruct[ion] was prejudic[ial] to the defendant," Obj. at 8; and that counsel prejudiced Petitioner by certain questions posed on re-direct examination of Petitioner, Obj. at 9. However, these objections fail to offer any reasoned argument how the Report erred in its assessment of the state court proceedings using the deferential review required under § 2254(d) and (e).[1]

---

[1]Petitioner's application includes claims that were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Therefore, Petitioner's application "shall not be granted with respect to [such a] claim [adjudicated on the merits] . . . unless the adjudication of the claim":

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). This standard is "difficult to meet," *Harrington v. Richter*, 562 U.S. __, __, 131 S.Ct. 770, 786 (2011), and a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal quotation marks omitted).

Therefore, Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 16, 2012

---

Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and Petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.